UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GC2 INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:16-cv-08794 |
| | ) |
| vs. | ) Judge: Matthew F. Kennelly |
| | ) Magistrate Judge: Mary M. Rowland |
| INTERNATIONAL GAME TECHNOLOGY PLC, ET AL. | ) |
| | ) |
| Defendants. | ) |

## **PLAINTIFF GC2 INCORPORATED'S REPY TO MOTION TO COMPEL 30(B)(6)**

GC2 is entitled to the relief requested[1] and should be allowed to obtain the evidence needed to present this Court (and a jury if not settled) with evidence to decide the merits of its allegations of copyright infringement and related claims. GC2 is seeking facts relevant to the contested issues and Defendants' opposition to the Motion highlights the relevance and the need for this evidence. In addition, in regards to the current date to amend pleadings or add parties, GC2 notes that this Court informed that parties (at its last in-chambers status) to advise the Court if discovery dates should or may need to be amended. GC2 is seeking the extension because of scheduling issues with key party depositions to be taken in the litigation.

    **A. Defendants Response Highlights Evidence GC2 Needs for Trial.**

        **1. Topic 5. Derivative Works**

The Court should overrule Defendants' objection to appearing for deposition regarding "derivative works." It is relevant and necessary discovery because the Defendants' factual acts

---

[1] GC2 disagrees with IGT NV's multiple (and sarcastic) characterizations as to how GC2 has had to prosecute its claims in order to obtain the evidence it needs to present its case.

1

(conduct) with respect to derivative works <u>*as that term is used under the Agreement*</u> is a central issue for at least one of the Works - Kitty Glitter, which has been pled on information and belief. In fact, Defendants themselves placed GC2's mark on the Kitty Glitter land based game, signifying it is a derivative of GC2's work. *See* Exhibit 1.

The Agreement between GC2 and IGT NV has very express and specific restrictions on what may or may not be done with derivative works. (*See e.g.*, Ex. 20 ¶¶ 2-3.) These restrictions include the prohibition for use, display and distribution of derivative works for non-wagering use or internet gaming *and* significantly, includes a prohibition on entities that are *not a party* to the Agreement from copying, displaying or distributing derivative Works. *Id.*[2] Defendants' contention that "derivative works" is a legal conclusion is an effort to block GC2 from obtaining discovery necessary for its affirmative case, and necessary to address Defendants' defenses, before trial and/or the filing of its summary judgment motion.[3] Moreover, testimony on this issue is also directly relevant to GC2 potentially adding a claim before the amendment of the pleading deadline.

### 2. Topic 6 - Making the infringement stop

Defendants' objection should be overruled. The category goes directly to indirect liability.

### 3. Topic 16 - Representations to Others About Ownership of the Works (not just end users)

Defendants' objection should be overruled for all the reasons stated in GC2's Motion. Defendants' new contention that it would be too "burdensome" for it to prepare for each of its

---

[2] "Furthermore the rights to prepare, reproduce, display or otherwise use derivative works shall not be assigned to any third party by any Party, unless otherwise provided for herein."

[3] Defendants misrepresent having produced all the "art assets." For example, Defendants have not produced the actual development files for the works at issue claiming they do not exist.

own representations to others about ownership of the works at issue is also disingenuous. They are **the** source for this information.

### 4. Topic 19 - Agreements.

Defendants necessarily agree that a "willing buyer willing seller" analysis is relevant to the damages issues in this case. Potential differences in the agreements are not a basis to block discovery or refuse to appear for deposition. Much like an analysis under the *Georgia Pacific* factors, those types of differences are part of the analysis that is used in a willing buyer/seller damages analysis. *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971) (listing evidentiary facts relevant, in general, to the determination of the amount of a reasonable royalty). Defendants are **the** source for this information, it is relevant and necessary evidence for this case.

### 5. Topic 20 - Willing Buyer Willing Seller negotiations

As discussed with Topic 19, and in its original Motion, Defendants' objection to sitting for deposition on topic 20 is improper.

### 6. Topic 7-8 RGS Agreements.

Defendants' objection to sitting for deposition is improper for all the reasons discussed in GC2's Motion and in chambers during the last status, and also as discussed in earlier court hearings.

### B. The additional 7 hour time allotment should be granted

GC2's request for additional time should be granted. The depositions are relevant to the issue of how many works and product lines and distribution channels are at issue.[4]

---

[4] Defendants argue that GC2's deposition of Kimberly Dimino was unnecessary because her "role" is just "as a trademark administrator" is disingenuous because Ms. Dimino was a witness *IGT identified* in its

Dated: December 20, 2017                                     Respectfully submitted,

By: /s/ Ricardo Meza
Kara E. F. Cenar (ARDC 6198864)
(kcenar@greensfelder.com)
Ricardo Meza (ARDC 6202784)
(rmeza@greensfelder.com)
Ryan J. Yager (ARDC 6308231)
(ryager@greensfelder.com)
Greensfelder, Hemker & Gale, P.C.
200 W. Madison St., Ste. 3300
Chicago, IL 60606
312-419-9090 (T); 312-419-1930 (F)

John E. Petite
(jep@greensfelder.com)
Kirsten M. Ahmad
(km@greensfelder.com)
Greensfelder, Hemker & Gale, P.C.
10 South Broadway, Ste. 2000
St. Louis, Missouri 63102
314-241-9090 (T); 314-241-8624 (F)

*Attorneys for Plaintiff GC2 Incorporated*

---

initial disclosures as having relevant information relating the following: "(a) the IGT Defendants' use of the GC2 Works; (b) the IGT Defendants' use of the GC2 Games; (c) the IGT Defendants' use of any derivatives of the GC2 Games; (d) the Agreement; (e) the placement of any of the IGT Defendants' alleged trademark or alleged copyright management information on any GC2 Works, GC2 Games or derivatives of GC2 Games; (f) the removal of any of GC2's alleged trademarks or alleged copyright management information from any GC2 Works, GC2 Games or derivatives of GC2 Games; and (g) general knowledge regarding some of the allegations in GC2's Amended Complaint."

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 20th day of December, 2017, upon all counsel of record.

                                        /s/ Ricardo Meza