**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GC2 INCORPORATED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 16-cv-8794 |
| vs. ) | |
| ) | Judge Matthew F. Kennelly |
| **INTERNATIONAL GAME** ) | |
| **TECHNOLOGY, et al.,** ) | Magistrate Judge Mary W. Rowland |
| ) | |
| **Defendants.** ) | |

**GC2's REQUEST FOR LEAVE TO TAKE CERTAIN DEPOSITIONS
AFTER FEBRUARY 15, 2018 CLOSE OF FACT DISCOVERY**

GC2 Incorporated (GC2) respectfully moves this Court for leave to take certain depositions of late disclosed fact witnesses after the February 15, 2018 close of fact discovery, and in excess of the 14 depositions allowed by the Court. Good cause exists for this Motion[1].

**Depositions Needed of Late Identified Witnesses**

GC2 has been asking for the identity of the artists that worked on the Derivative Kitty Glitter Work for some time so that their deposition could be taken. Material witnesses on this issue have just recently been identified, even though it appears that Defendants have known of their identity since October/December *2016.* See Exhibit A and B (These two documents were not produced until December 29, **2017**, and even then were produced among 60,000 pages of information described as "custodian files," leaving GC2 to find the information identifying the witnesses by happenstance). GC2 asked to take the deposition of certain of these witnesses and

---

[1] This Motion is being filed after the 5 pm deadline set by the Court because Counsel for the Defendants did not get back to GC2 on their position until Monday February 5, 2018 at 4:29 pm.

1

Defendants "object" because the depositions would exceed the 14 deposition limit set by the Court. GC2 respectfully submits that GC2 should be allowed to depose certain of these witnesses.

Back in October 2016 and December 2016, **long before initial disclosures were exchanged in this case,** Defendants learned of (but did not disclose[2]) the existence of material fact witnesses involved in the creation of the Kitty Glitter Derivative Work that is at issue in the case. The witnesses names are: Cyndy Waldow, Rogelio DeCasa, Kurt Andersen, Kim Paulsen and Jean Venneman. See Exhibits A & B. On February 1, **2018** Defendants' produced a spreadsheet with the listing of several additional names, including Mark Pederson and Robert DuVaul as VG designers and support, and James Brewer and Jason Mead who handled glass graphics. On February 2, 2018 Defendants themselves issued a subpoena[3] to take the deposition of Rogelio DeCasa, one of these witnesses, even though Defendants did not disclose Mr. DeCasa in their own initial disclosures. See Subpoena, Exhibit C. See initial Disclosures, Exhibits D & E. Mr. DeCasa, a former employee of Defendants, is located somewhere in Seattle, Washington. GC2 has requested Mr. DeCasa's address so GC2 can also issue a subpoena to Mr. DeCasa to secure time for GC2 to depose Mr. DeCasa. Defendants have not provided the address, and Defendants have "objected" to GC2 taking any deposition beyond the 14 the Court has allowed. On February 5, 2018 at 11:10 am GC2 informed Defendants that they wish to take the deposition of Cyndy Waldow (project lead and author of several emails confirming the graphics are GC2's), Kurt Pederson (the "artist" identified by Defendants' counsel), and Kim Paulson (the artist

---

[2] Defendants December 2016 Initial disclosures attached as Exhibit D. Defendants' Supplemental Initial Disclosures is attached as Exhibit E.

[3] The subpoena was served on Mr. DeCasa by email to rodecasa42@gmail.com, and does not list a home address.

identified by Cyndy Waldow). GC2 proposed dates of February 16, 19 and 20 for these depositions because GC2 will already be in Las Vegas (where these witnesses are located) to take the Rule 30(b)(6) deposition of International Game Technology. GC2's counsel did not receive a response to the email request. GC2 followed the email request with two phone calls to defense counsel (neither returned) attempting to get a response so the motion could be filed by the 5pm deadline set by the Court. In response, at 4:29 pm on February 5, 2018 (the day the motion was due for filing by 5 pm), Defendants' counsel wrote back identifying Kurt Anderson as the artist who "who can explain whether GC2's artwork was relied upon when Kitty Glitter was developed." Defendants then indicate that his deposition would be GC2's "14th" deposition, and Defendants' "object" to GC2 taking any deposition beyond the 14 the Court has allowed. GC2 respectfully submits that this stance is unreasonable under the circumstances. Defendants' position therefore has required GC2 to seek the Court's permission to take reasonable depositions.

**Order Requested**

GC2 thus requests leave of Court to take the deposition of Cyndy Waldow, Rogelio DeCasa (already being deposed by Defendants), Kurt Anderson and Kim Paulsen after February 15th. GC2 also notes that in the email attached as Exhibit A, Rogelio DeCasa was to send Cyndy Waldow the original CD that Mr. DeCasa found back in December 2016 "while cleaning out his stuff." This CD has never been identified or produced yet in this case. GC2 asked for it to be produced before Mr. DeCasa's February 13th deposition. GC2 requests an order requiring production of the CD before Mr. DeCasa's deposition.

Dated: February 5, 2018 Respectfully submitted,

By: /s/ Kara E. F. Cenar
Kara E. F. Cenar (ARDC 6198864)
(kcenar@greensfelder.com)
Ricardo Meza (ARDC 6202784)
(rmeza@greensfelder.com)
Susan Meyer (ARDC 6226450)
(smeyer@greensfelder.com)
Ryan J. Yager (ARDC 6308231)
(ryager@greensfelder.com)
Greensfelder, Hemker & Gale, P.C.
200 W. Madison St., Ste. 3300
Chicago, IL 60606
312-419-9090 (T); 312-419-1930 (F)

John E. Petite
(jep@greensfelder.com)
Kirsten M. Ahmad
(km@greensfelder.com)
Greensfelder, Hemker & Gale, P.C.
10 South Broadway, Ste. 2000
St. Louis, Missouri 63102
314-241-9090 (T); 314-241-8624 (F)

*Attorneys for Plaintiff GC2 Incorporated*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 5th day of February, 2018, upon all counsel of record.

/s/ Kara Cenar