**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GC2 INCORPORATED,                                     )
                                                      )
                         Plaintiff,                   )      Case No.: 1:16-cv-08794
                                                      )
            vs.                                       )
                                                      )      Judge:              Matthew F. Kennelly
INTERNATIONAL GAME TECHNOLOGY                         )      Magistrate Judge:   Mary M. Rowland
PLC, ET AL.                                           )
                                                      )
                         Defendants.                  )
                                                      )

**PLAINTIFF GC2 INCORPORATED'S RESPONSE TO DEFENDANTS'**
**MOTION TO CLARIFY OR EXTEND TIME TO DISCLOSE EXPERTS**

This Court's June 27, 2017 Order[1] setting dates for expert disclosure reports was clear

and unambiguous. If, however, it was unclear to Defendants, they have had more than sufficient

time (over 7 months) to seek clarification. For these reasons, and those set forth below, GC2

respectfully requests the Court deny Defendants' request for extension. Nevertheless, if the

Court is inclined to modify the March 30, 2018 deadline, such modification should be no more

than two weeks. This two-week extension would allow the original case schedule to remain in

place and should be reciprocal, in other words GC2 should also be given an additional two weeks

to produce its initial expert reports. In support of its opposition, GC2 states as follows:

      1)     As set forth in Title 17 U.S.C. §504, Defendants bear the burden of proof on costs

and apportionment. That section specifically states:

        (b) Actual Damages and Profits.—

---

[1] The June 27, 2017 Order set March 30, 2018 as the date for Rule 26(a)(2) disclosures for the party with
the burden of proof and May 11, 2018 as the date for rebuttal reports. The same Order set June 28, 2018
as the date for the close of expert discovery. *See* Dkt. 161. Setting the same date for disclosure of expert
reports for the party with the burden allows the opposing party to respond or rebut the expert report by the
May 11, 2018 deadline.

46379

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages**. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work**. (Emphasis added).

2)      Defendants hinge their extension request on a claim that their burden (to prove costs and apportionment) does not arise until GC2 first makes a showing that "a particular Defendants' gross revenues are causally related to the allegedly infringing conduct."  In other words, Defendants assert that they must first learn what revenue Plaintiff will claim is attributable to the infringement.  But Defendants know and possess this information already. During fact discovery, Defendants limited their revenue related responses to the revenue that was generated by the seven "At Issue Games."  In fact, they went further and segregated revenue earned per game and per month. Thus, the suggestion that Defendants do not know what gross revenues are causally related to the infringing conduct when they have the detailed (per game and month) information is at best, disingenuous.

3)      In addition to the above, GC2 would further note that Defendants also bear the burden of proof on their affirmative defenses.  And, while Defendants' Motion does not mention affirmative defenses, to the extent Defendants intend to support their defenses with expert testimony, the same deadline should also be imposed. Otherwise, Defendants would obtain an unfair advantage on disclosing the underlying basis for their affirmative defenses which would impede GC2's ability to prepare and provide any rebuttal expert report on those issues.  Indeed, on February 15, 2018, after Defense witness depositions were completed, Defendants "amended" their affirmative defenses.  *See* Dkt. 236.  Thus, it would be very prejudicial to GC2 to have expert disclosures on Defendants' affirmative defenses delayed until May 11, 2018.

46379

For the above reasons, GC2 respectfully requests this Court to either deny the motion or grant it by providing both parties an additional two weeks to produce their initial expert reports on the matters for which they have the burden.

Dated: March 16, 2018                                    Respectfully submitted,


By:   /s/ Ricardo Meza
      Kara E. F. Cenar (ARDC 6198864)
      (kcenar@greensfelder.com)
      Ricardo Meza (ARDC 6202784)
      (rmeza@greensfelder.com)
      Ryan J. Yager (ARDC 6308231)
      (ryager@greensfelder.com)
      Greensfelder, Hemker & Gale, P.C.
      200 W. Madison St., Ste. 3300
      Chicago, IL 60606
      312-419-9090 (T); 312-419-1930 (F)

      John E. Petite
      (jep@greensfelder.com)
      Kirsten M. Ahmad
      (km@greensfelder.com)
      Greensfelder, Hemker & Gale, P.C.
      10 South Broadway, Ste. 2000
      St. Louis, Missouri  63102
      314-241-9090 (T); 314-241-8624 (F)

      *Attorneys for Plaintiff GC2 Incorporated*

46379

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 16th day of March 2018, upon all counsel of record.

                                    /s/ Ricardo Meza

4