# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GC2 INCORPORATED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-8794 |
| ) | |
| INTERNATIONAL GAME TECHNOLOGY PLC, ) | Judge Matthew F. Kennelly |
| INTERNATIONAL GAME TECHNOLOGY, IGT ) | |
| DOUBLEDOWN INTERACTIVE LLC, MASQUE ) | |
| PUBLISHING, WD ENCORE SOFTWARE, DOE ) | |
| DEFENDANTS 1-100, DOE DEFENDANTS 101- ) | |
| 2,000,000, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING DEFENDANTS' MOTIONS *IN LIMINE* 3 AND 6

Eric N. Macey (#3122684)
*emacey@novackmacey.com*
Joshua E. Liebman (#6283377)
*jliebman@novackmacey.com*
Christopher S. Moore (#6256418)
*cmoore@novackmacey.com*
Rebekah H. Parker (#6301907)
*rparker@novackmacey.com*
Brittney N. Cato (#6323715)
*bcato@novackmacey.com*
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

Defendants oppose Plaintiff's Motion to Reconsider. First, the entire motion is based on the assertion that defense counsel opened the door to allowing evidence concerning the number of end users playing Coyote Moon and Pharaoh's Fortune on online and mobile gaming platforms during the cross-examination of Frank Warzecha. Specifically, Plaintiff's argument is based on questions relating to how much GC2 earned under its agreement with Defendant IGT NV, which is Plaintiff's Exhibit No. 903. But it was *Plaintiff* that first raised this issue in its counsel's direct examination of Mr. Warzecha. Plaintiff introduced the Agreement and all seven amendments, asked questions about the payment terms on Exhibit A to the Agreement, and asked questions about an "ongoing royalty." (1/22 Transcript at 64-66.)[1] Indeed, Plaintiff's counsel specifically asked Mr. Warzecha how much money was earned by royalties:

> Q. So why do you say Pharoah's Fortune is your most successful?
>
> A. Well, your definition was based on how much was earned from royalties.
>
> *Q. How much money was earned from royalties?*
>
> A. For Pharaoh's Fortune?
>
> Q. Yes.
>
> A. I'd have to look at the royalty reports. I don't know that number offhand.
>
> *Q. Can you give us an approximation?*
>
> *A. What's 6,000 games times 300 and -- $300.*
>
> Q. So when you say "6,000 games," 6,000 of these machines were placed somewhere?

---

[1] *See* Trial Transcript of Proceedings Before the Honorable Matthew F. Kennelly, and a Jury, Vol. 1-A, dated January 22, 2019 (1/22 Transcript). Copies of the relevant pages cited are attached as Exhibit A.

> A. Yes.
>
> Q. And do you recall the placements of Coyote Moon?
>
> A. Up to the point of the seventh amendment, it was in that range. I would guess it even surpassed Pharaoh --
>
> Q. When you say "that range," is 6,000 --
>
> A. Yes.
>
> Q. -- is the range you're talking about? Okay.

(1/22 Transcript at 77:14-78:8.) It is, thus, beyond question that Plaintiff explored with Mr. Warzecha how GC2 was paid, how many units it placed for Coyote Moon and Pharaoh's Fortune, and how much it earned per placement. All defense counsel did was multiply the number of placements by the "royalty," both of which Mr. Warzecha already testified to.

Second, Defendants asked these questions for reasons wholly unrelated to the "valuation of GC2's artwork and graphics." (Motion at 1.) The testimony quoted in the Motion (at 2-3) from Vol. 2-A (Transcript at 113:18-114:14), established that the "royalty" payment was not a true running royalty because it was based on units sold and not a percentage of profits or revenue. Then, the testimony cited on page 3 of the Motion from the same transcript (at 96:14-20) is part of several questions concerning Mr. Warzecha's background to show that he was not unsophisticated in business and somehow hoodwinked by Mr. Nash in their negotiations in 2016. And the last testimony Plaintiff quotes (at 3-4) from the same transcript (at 121:1-122:2) was to make clear to the jury that GC2 was already paid for the work it did under the Agreement and that the case is about the alleged online use of graphics, not work that GC2 was already compensated for.

Third, the number of *downloads* has nothing whatsoever to do with the revenue generated by DDI. That revenue is a function of how many virtual chips are sold and not the number of daily average users. Defendants provided all that revenue information to Plaintiff. In contrast, the only

2

way to calculate how much money IGT NV paid Plaintiff is to multiply game placements times the $300 per placement so-called royalty, and even that figure has nothing to do with the number of people who played the land-based games. Plaintiff is trying to fit the proverbial square into a round hole. The only reason Plaintiff seeks to put in evidence of downloads is to prejudice Defendants in front of the jury. This should not be allowed. Fed. R. Evid. 403.

In short, the testimony quoted in the Motion does not change anything to justify the Court reconsidering its ruling on Defendants Motions *in Limine* Nos. 3 and 6.

Respectfully submitted,

INTERNATIONAL GAME TECHNOLOGY, IGT, DOUBLEDOWN INTERACTIVE LLC, and MASQUE PUBLISHING, INC.

By: /s/ *Eric N. Macey*
    One of Their Attorneys

Eric N. Macey (#3122684)
*emacey@novackmacey.com*
Joshua E. Liebman (#6283377)
*jliebman@novackmacey.com*
Christopher S. Moore (#6256418)
*cmoore@novackmacey.com*
Rebekah H. Parker (#6301907)
*rparker@novackmacey.com*
Brittney N. Cato (#6323715)
*bcato@novackmacey.com*
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

## CERTIFICATE OF SERVICE

The undersigned attorney, upon oath, hereby certifies that on January 2, 2019, he caused a true and correct copy of the foregoing ***Defendants' Response to Plaintiff's Motion to Reconsider Order Granting Defendants' Motions in Limine 3 and 6***, to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by email to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ *Eric N. Macey*