# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GC2 INCORPORATED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-8794 |
| ) | |
| INTERNATIONAL GAME TECHNOLOGY PLC, ) | Judge Matthew F. Kennelly |
| INTERNATIONAL GAME TECHNOLOGY, IGT, ) | |
| DOUBLEDOWN INTERACTIVE LLC, MASQUE ) | |
| PUBLISHING, WD ENCORE SOFTWARE, DOE ) | |
| DEFENDANTS 1-100, DOE DEFENDANTS 101- ) | |
| 2,000,000 ) | |
| ) | |
| Defendants. ) | |

**<u>DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS</u>**

Eric N. Macey (#3122684)
*emacey@novackmacey.com*
Joshua E. Liebman (#6283377)
*jliebman@novackmacey.com*
Christopher S. Moore (#6256418)
*cmoore@novackmacey.com*
Rebekah H. Parker (#6301907)
*rparker@novackmacey.com*
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, Illinois 60606

Plaintiff GC2 Incorporated ("GC2") seeks to recover ***$184,769.56*** from Defendants in alleged costs. The majority of these "costs" are not recoverable, lack sufficient detail, or exceed allowable rates. At a minimum, GC2's Bill of Costs should be reduced to ***$83,881.61***. In addition, the Court should use its discretion to further reduce GC2's Bill of Costs as it deems fit.

## ARGUMENT

A prevailing party may recover certain "costs." Fed. R. Civ. P. 54(d)(1). The complete list of recoverable costs includes: (1) fees of the clerk; (2) transcript fees; (3) witness fees; (4) fees for copies; (5) certain docket fees; and (6) fees for court-appointed experts. 28 U.S.C. § 1920.[1] Taxing costs requires two inquiries: (a) whether the cost imposed is recoverable; and (b) if so, whether the amount for that item was reasonable. *Majeske v. City of Chi.,* 218 F.3d 816, 824 (7th Cir. 2000). Costs are *reasonable* if they were a "necessity to the litigation." *Weihaupt v. Am. Med. Ass'n*, 874 F.2d 419, 430 (7th Cir. 1989). The party seeking costs has the burden to establish necessity. *Alexander v. CIT Tech. Fin. Servs, Inc.*, 222 F. Supp. 2d 1087, 1089-90 (N.D. Ill. 2002). To meet this burden, costs must be supported by proper documentation. *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 980 (N.D. Ill. 2003). The court must review a bill of costs "in scrupulous detail." *Mi-Jack Prods. v. Int'l Union of Operating Eng'rs*, No. 94 C 6676, 1996 WL 139249, at *1 (N.D. Ill. Mar. 26, 1996). Indeed, costs will *not* be awarded if the court cannot "determine what portion, if any, of . . . [the] costs are recoverable under Rule 54(d)." *Teerling v. Fleetwood Motor Homes of Ind., Inc.*, No. 99 C 5926, 2001 WL 883699, at *2 (N.D. Ill. Aug. 2, 2001); *see also Harkins*, 286 F. Supp. 2d at 980 (court closely reviewed and reduced costs even though no objections were filed). Each of GC2's five categories of costs is discussed below.

---

[1] Costs recoverable under § 505 of the Copyright Act are limited to the same six categories specified in 28 U.S.C. § 1920. *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 875 (2019).

I.  **Fees of the Clerk**

GC2 seeks *$650.00* for Fees of the Clerk. (Dkt. No. 427 at 3.) That amount should be reduced to *$400.00*. $250.00 of the fees sought by GC2 relate to *pro hac vice* motions. The weight of authority in the Seventh Circuit indicates that such costs are not recoverable. *Oleksy v. Gen. Elec. Co.*, No. 06 C 1245, 2016 WL 7217725, at *2 (N.D. Ill. Dec. 12, 2016). GC2 was represented by a group of lawyers from one law firm, Greensfelder. The lead attorneys were from Greensfelder's Chicago office, which has over 30 lawyers. Although there were no witnesses in, or allegations related to, Missouri, GC2 supplemented its legal team with lawyers from Greensfelder's St. Louis office. Defendants should not be taxed for that decision.

II. **Fees For Service Of Summons And Subpoenas**

GC2 seeks *$881.50* for service of (a) summons on WD Encore Software, LLC ("Encore"), and (b) five subpoenas. (Dkt. No. 427 at 9.) This amount should be reduced to *$398.00*. Recoverable service costs may not exceed the fee that would be charged by the U.S. Marshal. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996) (remanding bill of costs to calculate what the Marshal "would have charged"); *Manson v. City of Chi.*, 825 F. Supp. 2d 952, 955-56 (N.D. Ill. 2011) (private process server costs may not exceed fees charged by U.S. Marshal).[2] Fees for rush service are not recoverable without an explanation as to why the charge was incurred. *Williams v. Fico*, No. 11 C 1105, 2015 WL 3759753, at *4 (N.D. Ill. Jun. 16, 2015).

GC2 seeks $225.00 for service of summons on Encore -- $150 for service and $75 for rush service. (Dkt. No. 427 at 9-11.) The $150 should be reduced to $65 to reflect the U.S. Marshal's rate, and the $75 should be eliminated because GC2 fails to explain why "rush service" was

---

[2] The U.S. Marshal charges $65 per hour for each item served, and $8 to forward process for service from one U.S. Marshal Office to another. 28 C.F.R. §§0.114(a)(1) & (3).

necessary. The service fees for the five subpoenas should each be reduced to $65, and the $25 Federal Express charge should be reduced to $8. (*See id.* at 9, 12-21.)

### III. Fees For Printed Or Electronically Recorded Transcripts

GC2 seeks **$145,897.20** for (a) court transcripts and (b) deposition transcripts. (*Id.* at 1.) That amount should be reduced to **$78,774.23**.

#### A. Court Transcript Fees

GC2 seeks **$15,086.90** in costs for (1) trial transcripts, and (2) transcripts of various non-trial court appearances. (*Id.* at 22.) That amount should be reduced to **$659.85**.

**Trial Transcripts**. GC2 seeks *$14,008.80* for trial transcripts. (*Id.* at 22, 35.) It ordered rough draft and next day transcripts every day of trial for $9,897.80. (*Id.* at 35.) It also ordered originals and copies of real time transcription for $4,111.00. Neither cost is recoverable.

Where a case is short and simple, "[c]osts for daily transcripts generally are not reasonably necessary, and thus may not be recovered." *Lewis v. City of Chi.*, No. 04 C 6050, 2012 WL 6720411, at *7 (N.D. Ill. Dec. 21, 2012). Courts also consider: "(1) whether a daily transcript was necessary to minimize disagreement over the testimony of witnesses, (2) whether proposed findings of fact were required, (3) whether the case involved expert witnesses whose cross-examination required knowledge of the exact wording of their previous testimony or that of any other witness, (4) the size of the claim, and (5) the importance of witness credibility." *Id.* In *Lewis*, an eight-day jury trial, the court declined to award daily transcript costs because the trial was straightforward, not complex nor relatively long, transcripts were not necessary to conduct effective examinations or to prepare for closings arguments, there was no disagreement over witness testimony, and witness credibility was not an important issue. 2012 WL 6720411 at *8.

Likewise, here, there were only eight trial days; the testimony was not particularly complicated; and proposed findings of fact were not required. Although Defendant presented two

3

expert witnesses, GC2 cross-examined each the same day he or she testified on direct, so rough draft and next-day transcripts were not necessary for cross-examination. The majority of the fact witnesses testified via video-taped deposition, and Defendants offered just one live fact witness not initially called by GC2 as an adverse witness. No defense witness testified over a two-day period. Thus, the rough draft and daily trial transcripts were more convenience than necessity. *See Lewis*, 2012 WL 6720411 at *7 (courts may not tax the cost of transcripts "provided merely for the convenience of the requesting attorney."). GC2 offers no explanation for "needing" these transcripts, let alone for daily transcripts. *See id.* at *6 (expedited transcript costs unrecoverable without justification as to why it was necessary).

Finally, GC2's costs associated with "realtime" transcription cannot be recovered because that service was for the convenience of the attorneys, and GC2 provides no explanation regarding when it was ordered or why it was necessary on those days. *Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*, No. 11 C 4574, 2016 WL 612792, at *4 (N.D. Ill. Feb. 16, 2016) (holding that "real-time transcription services are a convenience, not a necessity, and the mere fact that the subject matter at issue was complicated is not sufficient to justify these significant expenditures.").

**Hearing Transcripts**: GC2 seeks to recover *$418.25* for transcripts from six discovery-related hearings held between February 16, 2017 and April 10, 2018. (Dkt. No. 427 at 22.) Two transcripts were ordered at the next-day rate and one at the expedited rate. None of these costs are recoverable because GC2 has not identified any reason for needing the transcripts at all, let alone why it needed three of them on an expedited basis. *See Hillman v. City of Chi.*, No. 04 C 6671, 2017 WL 3521098, at *7 (N.D. Ill. Aug. 16, 2017) (transcript costs from motions to compel and other non-substantive hearings not recoverable); *Mi-Jack Prods.*, 1996 WL 139249, at *2 (expedited transcript costs not recoverable where movant fails to justify need).

4

B.  **Deposition Related Fees**

GC2 seeks *$130,810.30* in costs related to depositions. (Dkt. No. 427 at 38-40.) These costs include: (1) court reporter appearance fees; (2) transcript costs for rough drafts, originals, additional copies, expedited copies, draft ASCII files, electronic copies, litigation packages, and set-up and formatting fees; (3) videographer appearance fees; (4) shipping and handling or courier services; (5) word indices and errata processing; (6) exhibit scanning and archiving; and (7) on-site admin costs, and court reporter parking and meal fees. (*See id.* 41-85.) GC2 is not entitled to recover the full amount of these costs. Its deposition costs should be reduced to *$78,114.38*.

1.  **Appearance Fees**

"Court reporter appearance fees may be awarded in addition to the per page limit, but the fees shall not exceed the published rates on the Court website . . . ." N.D. Ill. L.R. 54.1(b).[3] GC2 cannot recover any appearance fees charged in excess of these rates. *See Gracia v. Sigmatron Int'l, Inc.*, No. 11 C 7604, 2016 WL 6892861, at *6 (N.D. Ill. Nov. 23, 2016) (court reporter attendance fees cannot exceed published rates). GC2 seeks *$10,625.13* in court reporter appearance fees, but it is only entitled to receive *$4,462.50*.

2.  **Various Forms Of Transcript**

Under Local Rule 54.1(b), "the costs of the transcript . . . shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed." N.D. Ill. L.R. 54.1(b).[4] GC2 cannot recover any per page rates in excess of these rates. *See Alexander*, 222 F. Supp. 2d at 1091 (in the Seventh Circuit, Judicial

---

[3]  The published rates are $110 for one half day (4 hours or less), and $220 for a full day attendance fee. *See* www.ilnd.uscourts.gov.

[4]  A copy of the March 30, 2018 Memorandum from the Administrative Office of the United States Courts setting forth the Judicial Conference approved rates is attached as Exhibit A.

5

Conference rates apply to deposition charges by private court reporters); *see also Winfrey v. City of Chi.*, No. 96 C 1208, 2000 WL 1222152, at *2 (N.D. Ill. Aug. 22, 2000) (reducing costs to be taxed for deposition transcript to the maximum allowable charge under the published rates).

Further, GC2 is not entitled to recover costs associated with rough drafts, extra copies, expedited transcripts, draft ASCII files, and e-transcripts. *See Hillman*, 2017 WL 3521098, at *4 (cost of CD-Rom copies of transcripts not recoverable where paper copies were also ordered); *DSM Desotech, Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2013 WL 3168730, at *4 (N.D. Ill. Jun. 20, 2013) (sustaining objection to taxable costs because "rough drafts" and "rough ASCII" copies were for convenience of counsel).

GC2 also should not recover costs related to litigation packages and transcript set-up and formatting fees*. See Chamberlain Mfg. Corp. v. Maremont Corp.*, No. 92 C 0356, 1995 WL 769782, at *4 (N.D. Ill. Dec. 29, 1995) (unnecessary costs like account service fees, copies on computer diskettes, and compressed transcripts incurred for attorney's convenience are not taxable). Nor can GC2 recover costs for expedited transcripts. *See Winfrey*, 2000 WL 1222152, at *2 (prevailing party not entitled to additional cost of expedited transcripts where it fails to explain why expedited delivery was "reasonable and necessary"). GC2 has not provided any explanation for the expedited transcripts it requested.

GC2 seeks *$56,746.75* in transcription costs, but once the costs related to the "extras" described above are removed, it is only entitled to receive *$27,091.50*.

### 3.    Deposition Video Costs

Videographer appearance fees should be limited to reasonable amounts. *See Specht v. Google, Inc.*, No. 09 C 2572, 2011 WL 2565666, at *2-3 (N.D. Ill. Jun. 27, 2011) (holding that appearance fees in excess of hourly fees are not recoverable and that $95 per hour is a reasonable rate). Courts in the Seventh Circuit have held that a $225 videographer fee for the first hour is

6

reasonable. *Patel ex rel. R.P. v. Menard, Inc.*, No. 1:09-cv-0360, 2012 WL 1365434, at *3 (S.D. Ind. Apr. 19, 2012). GC2 seeks *$42,611.63* in fees by videographers; this amount should be reduced to *$36,036.38* to reflect $225 for the first hour and $95 for additional hours.[5]

### 4. Shipping And Handling

GC2 seeks *$723.50* in delivery charges. However, it is not entitled to recover this cost. *See Hillman*, 2017 WL 3521098, at *4 ("[C]harges for delivery of deposition transcripts should be treated as ordinary business expenses."); *accord Alexander*, 222 F. Supp. 2d at 1091 ("[U]nder the Judicial Conference guidelines, postage costs are considered ordinary business expenses that may not be charged in relation to obtaining transcripts.").

### 5. Word Index And Errata Fees

GC2 is not entitled to recover *$4,215.09* for word index and errata fees. *See Druckzentrum Harry Jung GmbH & Co. v. Motorola, Inc.*, No. 09 C 7231, 2013 WL 147014, at *5 (N.D. Ill. Jan. 11, 2013) (word index costs and errata fee cannot be recovered unless shown to be "reasonably necessary"); *Molina v. Cooper*, No. 00 C 50230, 2002 WL 1160935, at *1 (N.D. Ill. May 30, 2002) (condensed and keyword indices are not reasonable and necessary; they are purely for the convenience of attorneys). Word indices are particularly unnecessary where, as here, the deposition transcripts were delivered in searchable electronic format. *See U.S. v. Woodward Governor Co.*, No. 06 C 1746, 2016 WL 2755324, at *5 (N.D. Ill. May 12, 2016).

### 6. Deposition Exhibits

Scanning deposition exhibits is for the lawyer's convenience, not necessity. *Hernandez-Martinez v. Chipotle Mexican Grill, Inc.*, No. 11 C 4990, 2013 WL 2384251, *3 (N.D. Ill. May 30, 2013). Costs for copying deposition exhibits that were duplicate copies of documents produced

---

[5] "Overtime" and "after hours" entries were re-calculated at 1.5 x $95.00 per hour.

during discovery cannot be recovered. *Winfrey*, 2000 WL 1222152, at *2. The party seeking to recover costs has the burden to establish the exhibits were reasonable and necessary. *Lewis*, 2012 WL 6720411 at *7 (declining to award costs for deposition exhibits where prevailing party failed to put forth "argument or evidence" that copies of exhibits were necessary); *Boyle v. Torres*, No. 09 C 1080, 2011 WL 899720, at *2 (N.D. Ill. Mar.15, 2011) (same). Here, GC2 seeks *$4,142.90* in costs related to deposition exhibits. GC2 should not recover any of these costs because it does not explain why scanning or copying the exhibits was reasonable and necessary.

### 7. Admin And Travel Costs

GC2 cannot recover the *$1,221.30* it seeks in court reporter administrative fees and travel costs, such as parking and meals. *See BASF AG v. Great Am. Assur. Co.*, 595 F. Supp. 2d 899, 904 (N.D. Ill. 2009) ("administrative fees are generally not recoverable"); *W. Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1237 (5th Cir. 1988) (§ 1920 permits recovery of only the court reporter's fee for a transcript, not the reporter's travel expenses); *Auto Wax Co. v. Mark V Prods., Inc.*, No. 3:99-CV-0982, 2002 WL 265091, at *3 (N.D. Tex. Feb. 22, 2002) (court reporter parking fees not taxable via bill of costs).

## IV. Fees And Disbursements For Printing/Exemplification

GC2 seeks to recover *$32,102.86* in costs for printing, e-discovery, and exemplification. (Dkt. 427-1 at 34-35.) That amount should be reduced to *$4,104.38*. "[C]ourts have no authority to award costs other than those set out in § 1920." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 52 F. Supp. 3d 893, 901 (N.D. Ill. 2014). "Thus, the court cannot award amounts that are not properly 'exemplification' or 'making copies' as those terms have been interpreted as a matter of law." *Id.*

It was GC2's burden to present *detailed* evidence showing what documents were copied and why each copy was necessary. *See Teerling*, 2001 WL 883699, at *2 (request for copies

8

denied because prevailing party failed to provide description of "what documents were copied or why"); *Mi-Jack Prods.*, 1996 WL 139249, at *2 ("Mere lists of copying costs are insufficient for recovery."). Although the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," it must still "provide the best breakdown obtainable from retained records," such as "a chart identifying the nature of each document copied, the number of copies of each document prepared, the number of pages in each document, the copying cost per page, and the total copying cost." *Cooper v. White*, No. 06 C 830, 2007 WL 647342, at *1 (N.D. Ill. Feb. 28, 2007).

To determine if exemplification was necessarily obtained for use in the case, the court considers, among others things, "whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed." *Id.* "The court is only able to make that determination when the prevailing party identifies the exhibits and demonstratives used and enumerates the associated costs." *Id.*

Each category of costs sought by GC2 is discussed below.

### A. Certified Copies Of Trademark File Wrappers

GC2 seeks to recover ***$450.00*** for copies of nine trademark file wrappers. (Dkt. 427-1 at 34, 36.) This cost is not recoverable because GC2: (1) only provides the total cost, failing to identify the number of copies of each file wrapper or the price for each copy; and (2) does not attach the proof of payment or invoice to substantiate the claim.

### B. Scanning Client Documents For Complaint And Production

GC2 seeks ***$1,453.99*** for scanning documents it produced in discovery. (*Id.* at 34, 38-39.) This cost is not recoverable. It relates to the intake process, *i.e.*, processing or preparing ESI for conversion to TIFF or PDF formats. These processing costs are not recoverable. *Life Plans*, 52 F. Supp. 3d at 902. By contrast, reasonable costs associated with creating the TIFF and PDF images

9

are recoverable. *See id.* Those costs are discussed in Section III.C, *infra*.[6]

### C. Blowbacks Of Client Documents For Production

GC2 seeks to recover ***$1,110.00*** for the blowbacks (creation of TIFF or PDF files) of its documents produced in discovery. (Dkt. 427-1 at 34, 40.) This amount should be reduced to ***$444.00*** because the maximum reasonable cost for copying in this District is $0.20 per page, not the $0.50 per page sought by GC2. *See Woodward Governor*, 2016 WL 2755324, at *3.

### D. Affidavits For Page Vault And YouTube Captures

GC2 seeks ***$663.00*** for affidavits from Page Vault, Inc. (Dkt. 427-1 at 34, 42.) Although obtaining an affidavit in lieu of deposing a witness is compensable, GC2 fails to explain why it was necessary to have the affidavits "expedited." Thus, the cost should be reduced to ***$493.00***.

### E. Copies Of Weekly Metrics For Reno And Seattle Depositions

GC2 seeks to recover ***$790.20*** for "weekly metrics." (Dkt. 427-1 at 34, 44.) This cost is not recoverable because GC2 fails to provide sufficient information. GC2 does not explain what "weekly metrics" are or why they were necessary, and there is no detail on the invoice regarding how many copies were made or the price per page. *See, e.g., Cooper*, 2007 WL 647342, at *1 (cost recovery denied where prevailing party failed to identify the documents copied, the number of copies made, or the cost per page, or the exhibits used); *Vigortone AG Prod., Inc. v. PM AG Prods.*, No. 99 C 7049, 2004 WL 1899882, at *8-9 (N.D. Ill. Aug. 12, 2004) (denying

---

[6] To the extent processing costs are recoverable, it should be reduced to ***$974.56***. *First*, the "Processing: OCR" costs of $138.34 are not taxable. *Allen v. City of Chi.*, No. 09 C 243, 2013 WL 1966363, at *5-6 (N.D. Ill. May 10, 2013). *Second*, the "Processing: Coding or Indexing Domestic" cost of $4.44 is not taxable. *Id.* at 902. *Third*, the "Color Imaging" cost of $77.25 must be reduced to $20.60 because the maximum recoverable copying cost is $0.20 per page. *Woodward Governor*, 2016 WL 2755324, at *3. *Fourth*, the $115.00 cost of saving additional "copies" of the materials on CDs is not recoverable. Finally, the "Processing: Technical Time (Hourly)" of $165.00 is not taxable. *Life Plans*, *supra*.

10

photocopying costs where prevailing party failed to address "the nature of the documents copied, what documents were copied, whether multiple copies were made of the same documents").

### F. Copies Of Various Documents For Reno And Seattle Depositions

GC2 seeks *$5,696.10* for copies of deposition exhibits. (Dkt. 427-1 at 34, 45.) This cost is not recoverable because GC2 fails to provide detail on the per-page price, how many copies were made in total, how many copies of each document were made, or how many copies were in color. Without this information, the Court cannot determine whether the exhibits were necessary, were made for GC2's convenience, or if the cost per copy was reasonable. *See, e.g., Lewis*, *Cooper*, *Vigortone*, *supra*. GC2 also fails to show that the exhibits "were anything other than extra copies of documents already in its possession." *Srail v. Vill. of Lisle, Ill.*, No. 07 C 2617, 2008 WL 5272459, at *3 (N.D. Ill. Dec. 15, 2008) (Kennelly, J.) (no recovery for extra copies of documents that were already in party's possession).

### G. Copies Of Documents For Clelland, Baker And Sigrist Deposition Exhibits

GC2 seeks *$3,974.46* for copies of certain deposition exhibits. (Dkt. 427-1 at 34, 46.) These costs are not recoverable for the same reasons addressed directly above in Section IV.F.

### H. Copies Of Documents For Deposition Exhibits

GC2 seeks *$770.75* for copies of deposition exhibits. (*Id.* at 34, 47-49.) These costs are not recoverable because the invoices do not identify the documents copied, how many copies were made in total, how many copies were made of each document, or whether the documents were extra copies of documents already in its possession. Only the total page count and final price were provided. *See, e.g., Lewis*, *Cooper*, *Vigortone*, *Srail*, *supra*.

### I. Certified Copy Of Lucky Lionfish Trademark File

GC2 seeks *$50.00* for the certified copy of the Lucky Lionfish trademark file wrapper, (Dkt. No. 427-1 at 34, 50), but it does not attach an invoice or proof of payment.

### J. Digital Prints For Deposition Exhibits

GC2 seeks *$146.65* for "digital prints" of deposition exhibits. (*Id.* at 34, 51-52.) Again, GC2's information does not identify the documents that were copied, why three PDF *and* Excel file copies to a flash drive were necessary, or whether these were additional copies of documents already in the party's possession. (*See* Section IV.F, *infra*.)

### K. Copies Of Documents For Nash And Prescott Deposition Exhibits

GC2 seeks *$407.53* for deposition exhibits. (Dkt. 427-1 at 34, 53-54.) This request should be rejected because it does not identify the documents copied, the number of each document copied, or whether these copies were just extra copies of documents already in GC2's possession. Moreover, GC2 is not entitled to recover costs for "Index Tabs" and "Sheet Protectors," which are merely for the attorneys' convenience. *See U.S. Fid. & Guar. Co. v. Shorenstein Realty Servs., L.P.*, 803 F. Supp. 2d 920, 925 (N.D. Ill. 2011).

### L. On-Site Video Footage Of Land Based Casino Games

GC2 seeks to recover *$243.30* in costs incurred to videotape the land based versions of certain games. (Dkt. 427-1 at 34, 55-56.) This cost is not recoverable. It does not fall within any of the recoverable costs enumerated by 28 U.S.C. § 1920.

### M. Copy Of CDs For Anderson And Waldow Depositions

GC2 seeks to recover *$210.00* in costs related to making 14 copies of CDs. (Dkt. 427-1 at 34, 57-58.) Yet, GC2 fails to identify the content of the CDs, why it needed 14 copies, or whether the CDs were copies of documents already in its possession. *See, e.g., Lewis*, *Cooper*, *Vigortone*, *supra*; *Srail*, 2008 WL 5272459, at *3.

### N. Copy Of Documents For DeCasa Deposition Exhibits

GC2 seeks *$44.43* for copies of documents used as deposition exhibits. (Dkt. 427-1 at 34, 59-60.) This cost is not recoverable. The invoices do not identify the documents copied, how

12

many copies were made in total, how many copies were made of each document, or whether the documents were extra copies of documents already in its possession.

### O. Scanning Of Oversized Charts Used As Deposition Exhibits

GC2 cannot recover the *$37.50* it seeks for deposition exhibits. (*Id.* at 34, 61-62.) The invoices do not identify the documents copied, the total number of copies, the number of copies of each document, why oversized copies were necessary, or whether the copies were extra copies of documents already in GC2's possession.

### P. Copies of CDs For Anderson And Waldow Depositions

This *$210.00* cost is duplicative of the costs sought in Section IV.M, *infra*. (*Comp. id.* at 34, 57-58 *with id.* at 35, 63-64.) Defendants incorporate Section IV.M herein.

### Q. Blowbacks For Anderson And Waldow Depositions

GC2 seeks *$91.20* for "blowbacks" used as deposition exhibits. (*Id.* at 35, 65-66.) Yet, GC2 does not identify the documents "blownback," why blowbacks were necessary, or how many copies were made and why.

### R. Copies Of Documents For Expert Trexler Deposition

GC2 seeks *$811.62* for deposition exhibits. (*Id.* at 35, 67-68.) However, GC2 does not identify the documents copied, the number of documents copied, the number of copies of each document, or if the documents were extra copies of documents already in GC2's possession.[7]

### S. Copies Of Response To Motion For Summary Judgment And Statement Of Facts For Court And Opposing Counsel

GC2 seeks *$3,676.68* for two copies of its summary judgment response. (*Id.* at 35, 77-78.) This amount should be reduced to *$551.48*. No hard copy was provided to Defense counsel.

---

[7] To the extent any copying costs are recoverable, the maximum reasonable cost for copying is $0.20 per page, not the $0.50 per page GC2 seeks. *Woodward Governor*, 2016 WL 2755324, at *3.

13

Further, GC2 provides no explanation as to the $232.52 for "drilling." The $1,981.50 charge for blowback printing also must be (1) rejected because it lacks any explanation, or (2) reduced because it was calculated at $0.75 per page, well in excess of $0.20 per page. *Woodward Governor*, *supra*. Finally, the 654 "Custom Tabs" at $359.70, were for convenience, not necessity.

### T. Imaging Of Bound, Certified Copies Of Trademark File Wrappers For Games At Issue

GC2 seeks ***$143.71*** for images of trademark file wrappers used at trial. (*Id.* at 35, 79-80.) These costs should not be recoverable because they are simply additional copies of documents already in GC2's possession. *See Srail*, *supra*. To the extent costs can be recovered, they should be reduced to $109.24 because the per page rate was in excess of $0.20.

### U. Extra Hard Copies Of Trial Exhibits

GC2 seeks ***$8,505.84*** for printing *extra* hard copies of every single trial exhibit. (Dkt. No. 427-1 at 82.) This cost is unreasonable and unnecessary. There was no need to make a hard copy of *every single* trial exhibit. That is particularly true in light of GC2's failure to cull its trial exhibit list, which listed 612 exhibits. Only 189 exhibits were actually introduced at trial. Moreover, GC2 fails to provide sufficient detail to support this cost. It is not clear how many copies of each exhibit were made or why GC2 needed over 45,000 pages of "Blowback Printing."[8]

### V. Other Costs

GC2 seeks ***$5,238.00*** in costs related to "electronic discovery." (*Id.* at 83-85.) GC2 can only recover ***$205.00*** of these purported costs. *First*, GC2 claims it TIFFed approximately 41,000 pages for production for $1,230. However, GC2 also sought to recover the cost of "TIFF or PDF blowbacks" of "client documents" performed by its vendor. (*See* § IV.C, *supra*.) GC2 does not

---

[8] To the extent any amount is recoverable, it should be reduced because costs related to assembly, tabs, and technical time are not recoverable, and copying cannot exceed $.20 per page.

14

explain why its lawyers duplicated the work already performed by its vendor. *Second*, GC2 seeks to recover $3,803.00 in "media charges for copies of productions and other copies of electronic documents for use at trial, depositions, or to provide to experts for use in this matter." (Dkt. No. 427-1 at 84.) This description does not provide *any* of the information necessary for the Court to determine whether these costs are recoverable under 28 U.S.C. § 1920 or, if they are, whether they were necessary and not duplicative. Because GC2 has not met its burden, its request should be denied. *See Woodward Governor*, 2016 WL 2755324 at *6 (reducing bill of costs where prevailing party fails to provide sufficient detail to support recovery); *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 979 (N.D. Ill. 2010) ("[W]e are unable to award [its] total revised request due to concerns that it may still contain expenses for items that are not compensable.").

## CONCLUSION

For the reasons stated herein, the expenses sought in the Bill of Costs should, at a minimum, be reduced from *$184,769.56* to *$83,881.61*. In addition, the Court should use its discretion to further reduce GC2's Bill of Costs as it deems fit.

    Respectfully submitted,

    INTERNATIONAL GAME
    TECHNOLOGY, IGT, DOUBLEDOWN
    INTERACTIVE LLC, MASQUE
    PUBLISHING, INC.

    By: /s/ *Joshua E. Liebman*
        One of Their Attorneys

**CERTIFICATE OF SERVICE**

      The undersigned attorney, upon oath, hereby certifies that on May 6, 2019, he caused a true and correct copy of the foregoing *Defendants' Objections to Plaintiff's Bill of Costs*, to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by email to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                                          /s/     Joshua E. Liebman