IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GC2 INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16 C 8794 |
| INTERNATIONAL GAME TECHNOLOGY, IGT, DOUBLEDOWN INTERACTIVE LLC, and MASQUE PUBLISHING, INC., | ) ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

GC2 Inc. sued International Game Technology, IGT, Doubledown Interactive LLC, and Masque Publishing, Inc. alleging copyright infringement and violations of the Digital Millennium Copyright Act (DMCA). GC2's claims went to trial in January 2019. The jury found for the plaintiff. The parties filed a number of post-trial motions, including motions for judgment as a matter of law, for a new trial, and for attorney's fees. GC2 also sought litigation costs. The Court ruled on post-trial motions but reserved ruling on the bill of costs. *See GC2 Inc. v. Int'l Game Tech.*, No. 16 C 8794, 2019 WL 3080922, at *1 (N.D. Ill. July 15, 2019).

### Background

The Court assumes familiarity with the facts of the case, which were described at length in previous rulings. *See, e.g.*, *id.* at *1-3. The only remaining issue before the Court relates to GC2's bill of costs. GC2 seeks a total of $184,769.56 in litigation-related costs.

The requested costs are broken out into four categories, with each category further subdivided into more precise line items. First, GC2 seeks a total of $1,531.50 for fees of the clerk and marshal. Second, GC2 seeks a total of $145,896.90 for transcripts of the trial and depositions as well as other deposition-related expenses. Third, GC2 seeks an additional $32,102.86 for various costs related to printing and exemplification. Fourth, GC2 asks for $5,238 in costs related to electronic discovery.

The defendants submitted a painstaking brief objecting to nearly every item of GC2's requested costs. They contend that the plaintiff is entitled to a total of only $83,881.61. GC2's claimed costs and the amounts to which the defendants contend it is actually entitled are as follows.

| Category | GC2's claim | Defendants' valuation |
|---|---|---|
| Fees of clerk and marshal | $1,531.50 | $798 |
| Transcripts and recordings | $145,897.20 | $78,774.23 |
| Printing and exemplification | $32,102.86 | $4,104.38 |
| Electronic discovery | $5,238 | $205 |
| Total | $184,769.56 | $83,881.61 |

See generally Pl.'s Bill of Costs, dkt. nos. 427, 427-1.

## Discussion

Courts may award specific litigation-related costs under 28 U.S.C. § 1920. *See also* 17 U.S.C. § 505 (providing for awarding costs in copyright cases); *Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 875 (2019) (holding that the Copyright Act's cost recovery provision covers the same "six categories specified in the general costs statute"). The statute specifically enumerates certain costs that are taxable:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any

> materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1902; *see also* Fed. R. Civ. P. 54(d)(1) ("[C]osts . . . should be allowed to the prevailing party.").

The party seeking costs has the burden of establishing that, where appropriate, the costs it incurred were reasonably necessary to the litigation. *See Nat'l Org. for Women, Inc. v. Scheidler*, 750 F.3d 696, 698 (7th Cir. 2014); *Alexander v. CIT Tech. Fin. Servs., Inc.*, 222 F. Supp. 2d 1087, 1089-90 (N.D. Ill. 2002). But, in this context, "necessary" does not mean "indispensable"; the party seeking costs must simply demonstrate that costs were incurred for more than attorney preference or convenience. *See Scheidler*, 750 F.3d at 698; *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000).

As noted, the defendants object to each of the four categories of costs claimed by GC2. The Court addresses each in turn.

**A.     Fees of the clerk and marshal**

GC2 seeks a total of $1,531.50 for fees of the clerk and marshal. This includes a $400 filing fee for this suit; $250 of fees for five pro hac vice motions; and $881.50 in fees for serving summonses and subpoenas. The defendants contend that the pro hac vice fees are unrecoverable and that the fees for service must be reduced to reflect the rate that would have been charged by the United States Marshal, but they do not contest the $400 filing fee. The plaintiffs do not address the defendants' objections in their reply brief.

3

The defendants are correct. GC2 is not entitled to recover costs associated with pro hac vice motions. *See Oleksy v. Gen. Elec. Co.*, No. 06-cv-1245, 2016 WL 7217725, at *2 (N.D. Ill. Dec. 12, 2016) (collecting cases and noting that "weight of authority in this Circuit . . . indicates that courts normally decline to award pro hac vice fees"). And, as for fees for serving summonses and subpoenas, GC2 may only recover the amount that the Marshal would have charged. *See Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996); *Manson v. City of Chicago*, 825 F. Supp. 2d 952, 955-56 (N.D. Ill. 2011) ("[T]he prevailing party may recover costs for using a private process server as long as those costs do not exceed the fees charged by a marshal."). Likewise, additional fees associated with rush service are not appropriately compensable without explanation for why they were necessary. *See Williams v. Fico*, No. 11 C 1105, 2015 WL 3759753, at *4 (N.D. Ill. June 15, 2015).

The Marshal's Service charges $65 per hour for each item served and $8 to forward process for service from one Marshal's office to another. *See* 28 C.F.R. §§ 0.114(a)(1), (3). Applying these rates to the costs claimed by GC2, its charges for service are reduced to $398—$65 for each of the six subpoenas served and $8 for one forward.

Subtotal. For fees of the clerk and marshal, GC2 is awarded its $400 filing fee and $398 of the requested service fees—a subtotal of ***$798***.

B.     **Transcripts and recordings**

GC2 seeks a total of $145,897.20 in costs related to transcription and recording. This request is broken down into (1) costs related to transcription of court proceedings ($15,086.90) and (2) transcription, videography, and other costs related to depositions

4

($130,810.30).

### 1. Transcripts of court proceedings

The $15,086.90 consists of $14,008.80 for transcripts of the trial; $418.25 for transcripts of discovery-related hearings preceding trial; and $659.85 for transcripts of the final pretrial conference and a hearing related to DMCA damages. The defendants object to the first two categories but not the third.

<u>Trial transcripts</u>. The Court is persuaded that the costs stemming from the transcription of the trial must be reduced. GC2 seeks compensation for both real-time transcription—in both electronic ($2,330.20) and paper ($1,780.80) formats—and same-day transcripts ($9,897.80). The defendants point out transcription costs are only recoverable if they are reasonably necessary, and they cite *Lewis v. City of Chicago*, No. 04 C 6050, 2012 WL 6720411, at *7 (N.D. Ill. Dec. 21, 2013), for the proposition that "[c]osts for daily transcripts generally are not reasonably necessary, and thus may not be recovered." *Id.* GC2 counters that the factors identified in *Lewis* for determining whether daily transcripts are reasonably necessary weigh in favor of recovery. Specifically, it notes that this trial was "lengthy and complex," *id.*, involving multiple defendants, several different legal theories, and expert testimony, and that daily transcripts were therefore reasonably necessary.

The Court concludes that it was reasonably necessary for GC2 to purchase some form of transcript during this relatively complicated and lengthy trial. But, considering the factors identified in *Lewis*, GC2 has not persuaded the Court that it needed three different forms of the transcript. For that reason, the Court will award GC2 only the cost of the first transcript it received—the electronic real-time version.

Under different circumstances, the Court might be moved to award the cost of fully corrected daily transcripts. But here GC2 has not persuaded—or even attempted to persuade—the Court that "the case involved expert witnesses whose cross-examination required knowledge of the exact wording of their previous testimony or that of any other witness," *id.*, or of any other factor that would render it necessary to pay full freight for a same-day transcript with a real-time electronic transcript already (metaphorically) in hand.

The Court therefore awards GC2 $2,330.20—the cost of the first form of trial transcript it received, the electronic real-time transcript—out of the $14,008.80 it sought for trial transcription costs.

<u>Discovery hearing transcripts</u>. The defendants next object to GC2's request for the costs of transcripts of discovery-related hearings preceding the trial in the amount of $418.25. They contend that these costs are non-recoverable and that even if they were that GC2 could not recover fees for expediting the order. *See Hillman v. City of Chicago*, No. 04 C 6671, 2017 WL 3521098, at *7 (N.D. Ill. Aug. 16, 2017) ("Courts in this District have generally awarded costs for transcripts of such proceedings only when the prevailing party articulates some specific necessity.").

The Court concludes that, contrary to the defendants' objection, GC2 has sufficiently articulated why it needed these transcripts on an expedited timeline. Specifically, on each of these occasions, GC2 needed the transcript because the Court had orally ruled on discovery issues, resulting in docket entries that simply stated that motions had been granted or denied "as stated in open court." *See, e.g.*, Minute Order of Dec. 21, 2017, dkt. no. 205. And on one occasion the Court actually ordered GC2 to

file certain documents "consistent with the Court's comments" during the hearing. See Minute Order of Oct. 24, 2017, dkt. no. 188. This is precisely the "specific necessity" that the court in *Hillman* noted was sufficient to support a claim for costs associated with transcripts of routine hearings. See *Hillman*, 2017 WL 3521098, at *7 (noting that "specific necessity" is satisfied "where the written record of the status call or motion hearing was the basis for, or relevant to, some subsequent motion or filing, or to supply out-of-state counsel with a record of the proceedings."). The Court therefore awards GC2 the full $418.25 it requested for pre-trial discovery-related hearing transcripts.

Subtotal. For transcripts of court proceedings, the Court awards GC2 **$3,408.30**—the cost of real-time electronic trial transcripts, transcripts from discovery-related hearings, and the additional $659.85 for transcripts of the final pretrial conference and the DMCA-damages hearing to which the defendants did not object.

2. **Transcripts of depositions and other related costs**

GC2 next seeks $130,810.30 for costs associated with depositions. The two largest portions of these costs are for transcription ($56,746.75) and videography ($42,611.63). Beyond these categories, GC2 also seeks compensation for appearance fees for court reporters ($10,625.13) and various fees associated with scanning exhibits used during depositions ($4,142.90) and indexing transcripts ($4,215.09). A full accounting of deposition-related expenses—and the defendants' proposed valuations accounting for their objections—is reproduced below.

| Subcategory | GC2's claim | Defendants' valuation |
|---|---|---|
| Deposition transcripts | $56,746.75 | $27,091.50 |
| Reporter appearance fees | $10,625.13 | $4,462.50 |
| Deposition videography | $42,611.63 | $36,036.38 |
| Shipping deposition materials | $723.50 | $0 |

7

| | | |
|---|---|---|
| Indexing and errata fees | $4,215.09 | $0 |
| Deposition exhibit scanning | $4,142.90 | $0 |
| Court reporter admin and travel costs | $1,221.30 | $0 |
| Unchallenged costs | $10,524 | $10,524 |
| **Total** | **$130,810.30** | **$78,114.38** |

See Pl.'s Bill of Costs, dkt. no. 427, at 38-40.

The defendants argue that each item should be reduced except for $10,524 of costs to which they do not object. After reviewing the parties' submissions, the Court concludes that some but not all of GC2's requested costs must be reduced.

Deposition transcripts. Under Local Rule 54.1(b), the recoverable costs of transcription "shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed." L.R. 54.1(b). Nor can the prevailing party recover ancillary fees such as those related to expediting transcripts or extra copies in more convenient formats without explaining why those additional fees were necessary. See Hillman, 2017 WL 3521098, at *4; Winfrey v. City of Chicago, No. 96 C 1208, 2000 WL 1222152, at *2 (N.D. Ill. Aug. 22, 2000). Applying these guidelines, the defendants are correct that GC2 is entitled to only $27,091.50 of the deposition transcription costs it requested. See Alexander, 222 F. Supp. 2d at 1091.

Appearance fees. Under the local rules, a prevailing party may also recover court reporter deposition appearance fees. See L.R. 54.1(b); see also Held v. Held, 137 F.3d 998, 1002 (7th Cir.1998). But, as with transcription, these fees also cannot exceed rates published on the court's website. In this case, that means GC2 can recover only $4,462.50 for reporter deposition appearance fees.

Deposition videography. GC2 may also recover most but not all of the requested

8

costs for videography.  *See Specht v. Google, Inc.*, No. 09 C 2572, 2011 WL 2565666, at *2-3 (N.D. Ill. June 27, 2011).  The Court is persuaded that the rates charged by the videographers employed by GC2 were somewhat higher than reasonable.  The Court adopts some of the reasoning of the Court in *Specht* but diverges from that decision insofar as it suggests that videographers may not be compensated for an appearance fee.  The Court therefore awards GC2 $36,036.38 for deposition videography.

Scanning deposition exhibits.  The defendants contend that GC2's costs associated with scanning deposition exhibits for later reference are unrecoverable.  GC2, however, persuasively argues that these costs were reasonably necessary.  It cites *Hillman*, 2017 WL 3521098, at *3, which held that costs associated with recording deposition exhibits were recoverable.  The court concluded that "because documents are usually referred to in depositions by their assigned exhibit numbers, litigants need to use the exhibit-stamped version of a document in order to benefit from a witness's deposition testimony about the document."  *Id.*  This Court agrees and overrules the defendants' objection to GC2's recovery for scanning deposition exhibits.  GC2 is awarded the full $4,142.90 requested for these costs.

Other disputed deposition costs.  GC2 also seeks additional costs for (1) shipping of deposition materials ($723.50); (2) word indexing and errata fees ($4,215.09); and (3) court reporter administrative and travel costs ($1,221.30).  These costs are not recoverable.  *See id.* at *4 ("Costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable." (internal quotation marks and alteration omitted)); *United States v. Woodward Governor Co.*, No. 06 C 1746, 2016 WL 2755324, at *5 (N.D. Ill. May 12, 2016) (collecting cases refusing

to award indexing and errata fees); *BASF AG v. Great Am. Assurance Co.*, 595 F. Supp. 2d 899, 904 (N.D. Ill. 2009) ("[A]dministrative fees are generally not recoverable unless the movant shows that they were reasonably necessary for the litigation."); *Rylewicz v. Beaton Servs., Ltd.*, No. 85 C 10535, 1989 WL 112689, at *3 (N.D. Ill. Sept. 15, 1989) (holding court reporter travel costs unrecoverable). The Court therefore awards GC2 no costs for these expenses.

Subtotal. For costs associated with depositions, the Court awards GC2 **$82,257.28**. This subtotal includes $27,091.50 for transcription, $4,462.50 for court reporter appearance fees, $36,036.38 for deposition videography, $4,142.90 for scanning deposition exhibits, and $10,524 of costs to which the defendants do not object.

**C.     Printing and exemplification**

GC2 next seeks $32,102.86 for various costs associated with printing and exemplification of evidence. The defendants object to nearly everything claimed by GC2 in this category of its bill of costs. Again, a full accounting follows.

| Subcategory | GC2's claim | Defendants' valuation |
|---|---|---|
| Trademark file wrappers | $450 | $0 |
| Authenticated copy of GC2 trademark (uncontested) | $50 | $50 |
| Certified copy of Lucky Lion Fish trademark | $50 | $0 |
| Scanning client documents for complaint and production | $1,453.99 | $0 |
| Blowbacks of clients docs for production | $1,110 | $444 |
| Affidavits for Page Vault YouTube captures | $663 | $493 |
| Weekly metrics for Reno and Seattle depositions | $790.20 | $0 |
| Copies of various documents for Reno and Seattle | $5,696.1 | $0 |

10

| | | |
|---|---|---|
| depositions | | |
| Copies of documents for Clelland, Baker, and Sigrist depositions | $3,974.46 | $0 |
| Copies of deposition exhibits | $770.75 | $0 |
| Digital prints of deposition exhibits | $146.55 | $0 |
| Copies of documents for Nash and Prescott depositions | $407.53 | $0 |
| On-site video footage of land-based casino games | $243.3 | $0 |
| Copies of CDs for Anderson and Waldow depositions | $210 | $0 |
| Copy of documents for DeCasa deposition | $44.43 | $0 |
| Scanning of oversized charts used as deposition exhibits | $37.50 | $0 |
| Copies of CDs for Anderson and Waldow depositions (duplicate) | $210 | $0 |
| Blowbacks for Anderson and Waldow depositions | $91.20 | $0 |
| Copies for Trexler deposition | $811.62 | $0 |
| Coyote moon prints (not contested) | $6 | $6 |
| Certified copies of copyright files for games at issue (not contested) | $2,560 | $2,560 |
| Copies of GC2's Response to Motion for Summary Judgment | $3,676.68 | $551.48 |
| Imaging of trademark file wrappers | $143.71 | $0 |
| Extra hard copies of trial exhibits | $8,505.84 | $0 |
| **Total** | **$32,102.86** | **$4,104.48** |

See Pl.'s Bill of Costs, pt. 2, dkt. no. 471-2, at 34-35. The Court concludes that some but not all of these costs must be reduced. The Court specifically addresses the items to which the plaintiff objected and on which GC2 substantively replied to the objection.

<u>Trademark file wrappers</u>. GC2 seeks to recover a total of $550 for trademark file

11

wrappers it ordered from the United States Patent and Trademark Office. The defendants feign ignorance about how many file wrappers were ordered or why they were needed. The Court concludes that GC2 has sufficiently demonstrated that these file wrappers, which were used as exhibits at trial, were reasonably necessary and awards the full $550 sought.

<u>Processing costs for scanning client documents</u>. The defendants object to GC2's request of $1,453.99 for costs associated with scanning documents counsel received from their client and produced in discovery. Specifically, they defendants cite *Massuda v. Panda Express, Inc.*, No 12 C 9683, 2014 WL 148723, *6 (N.D. Ill. Jan. 15, 2014), for the proposition that costs associated with "gathering, preserving, processing, searching, culling and extracting" electronically stored information are not recoverable under 28 U.S.C. § 1920. *Id.* GC2 responds that its requested costs are for a compensable purpose: converting electronically stored information to a readable format. *See Artunduaga v. Univ. of Chi. Med. Ctr.*, No. 12 C 8733, 2017 WL 1355873, at *5 (N.D. Ill. Apr. 13, 2017).

The Court is persuaded that both parties are partly correct. The bulk of these costs are properly recoverable, but the defendants correctly identify a portion that are not. *See* Defs.' Objs., dkt. no. 445, at 10 n.6. The Court accordingly adjusts for the nonrecoverable portion as well as for the appropriate per-page rate charged for the recoverable remainder and awards $<u>974.56</u> for GC2's processing costs associated with scanning client documents.

<u>Blowbacks of client documents for production</u>. GC2 also seeks $1,110 for blowbacks of client documents for production. This amount is reduced to $<u>444</u> to reflect

the per-page rate typically permitted in this district. *See Woodward Governor Co.*, 2016 WL 2755324, at *3.

Affidavits for Page Vault and YouTube captures. GC2 seeks $663 for costs associated with affidavits used to support screen captures used during court proceedings. The defendants do not object to the substance of these costs but rather note that a fee to expedite such an affidavit is recoverable only where the party seeking costs shows that it was reasonably necessary to expedite it. The Court is persuaded that the defendants are correct and awards $493 for this requested cost—the amount requested less the rush fee.

Copies of motion for summary judgment response brief. GC2 seeks to recover $3,676.68 for the costs of copying their response to the defendants' motion for summary judgment. It is not clear to the Court why this was the only brief for which GC2 apparently sought recovery. The defendants object, citing this Court's opinion in *Srail v. Village of Lisle*, No. 07 C 2617, 2008 WL 5272459 (N.D. Ill. Dec. 15, 2008), in which this Court declined to award the costs of copies where the prevailing party failed to demonstrate that they were "anything other than extra copies of documents already in its possession." *Id.* at *3. The defendants suggest that GC2 should be awarded only $551.48. GC2 does not respond to this objection with further explanation despite having the opportunity to address it in its reply brief. The Court therefore awards only $551.48 for this item.

Trial exhibits. GC2 also seeks $8,505.84 in costs for copying trial exhibits. The defendants protest that these copies were not reasonably necessary. GC2 is correct, however, that the costs associated with making and formatting these copies was

13

reasonably necessary for the litigation. Specifically, GC2 notes that this Court requires the parties make both a bench copy and a backup copy of all trial exhibits for the jury. *See* Preparation of Final Pretrial Order for civil cases before Judge Kennelly ¶¶ 5(b),(c). The jury copy is required to be "in a format that will make it easy [for] the jury [to] use during deliberations if necessary." *Id.* ¶ 5(c). Because these costs were incurred to comply with the Court's order, they were reasonably necessary and are recoverable in full—that is, in the amount of $8,505.84.

Remaining contested printing and exemplification costs. The defendants object to nearly all of the remaining costs associated with printing and exemplification. Specifically, they cite *Srail* and related authorities, arguing that these copying costs cannot be recovered because GC2 failed to specifically address their necessity. And, indeed, GC2 responded to none of the various and sundry objections to these costs in its reply brief. The Court concludes that because the plaintiff failed to explain the necessity of the remaining copying and exemplification charges, they are not recoverable. *See Srail*, 2008 WL 5272459, at *3.

Subtotal. For costs associated with printing and exemplification, the Court awards GC2 **$14,084.88.** This subtotal includes $550 for trademark file wrappers, $974.56 for scanning client documents for drafting the complaint and responding to discovery requests, $444 for blowbacks of client documents for discovery, $493 for affidavits in support of the Page Vault and YouTube screen captures, $551.48 for copying GC2's response to the defendants' motion for summary judgment, and $8,505.84 for copying and formatting trial exhibits for use by the jury. The subtotal also includes the costs to which the defendants did not object: $2,560 for certified copies of

14

the copyright files for the games at issues and $6 for "Coyote Moon prints."

D.     **Extraneous electronic discovery costs**

Finally, GC2 also seeks $5,238 in costs related to electronic discovery. The defendants object that GC2 is entitled to only $205 of these costs—the value of certain electronic discovery expenses that are undisputedly recoverable. As for rest of the requested costs, the defendants contend that GC2 seeks to double-count some costs and provides too little explanation to assess the recoverability of others. For its part, GC2 simply does not respond to these objections in its reply brief.

In light of GC2's total failure to support its sparse initial representation of these expenses with any further explanation or argument, the Court does not have enough information to award it the full amount it seeks. *See Woodward Governor*, 2016 WL 2755324, at *6. The Court therefore awards GC2 only the **$205** of these costs to which it is evidently entitled.

## Conclusion

For the foregoing reasons, the Court awards GC2 $100,753.46 in costs. These costs are broken down as follows: $798 for fees of the clerk and marshal; $3,408.30 for transcripts of court proceedings; $82,257.28 for transcripts and videography of depositions; $14,084.88 for printing and exemplification; and $205 for extraneous electronic discovery costs.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 29, 2019